McCARTHY, JOHNSON & MILLER
   Law Corporation
DIANE SIDD-CHAMPION, SBN 78140
LORI A. NORD, SBN 87993
ELIZABETH J. MASSON, SBN 240812
595 Market Street, Suite 2200
San Francisco, CA 94105
Telephone: (415) 882-2992
Fax: (415) 882-2999
E-mail: dsidd-champion@mjmlaw.us

Attorneys for Petitioners

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GENERAL EMPLOYEES TRUST FUND and BOARD OF TRUSTEES OF GENERAL EMPLOYEES TRUST FUND,<br><br>                Petitioners,<br><br>    v.<br><br>POWER CLEAN ENTERPRISES, INC.,<br><br>                Respondent. | Case No. C 06 3515 WDB<br><br>**SETTLEMENT AGREEMENT AND STIPULATION FOR CONDITIONAL DISMISSAL AND ENTRY OF JUDGMENT UPON DEFAULT** |

      COME NOW the petitioners General Employees Trust Fund and Board of Trustees of General Employees Trust Fund (collectively, "Trust Fund") and respondent Power Clean Enterprises, Inc. ("Employer") and hereby enter into this Settlement Agreement and Stipulation for Conditional Dismissal and Entry of Judgment upon Default ("Agreement"), stipulating and agreeing as follows:

      1.    The Trust Fund has alleged that Employer failed to make fringe benefit contributions on a timely basis on account of work performed by Employer's employees during the period from January 1, 2002 through December 31, 2002, as more fully appears in the Petition to Confirm Arbitration Award.

      2.    The Trust Fund caused an audit to be conducted of the books and records of the Employer for the period from January 1, 2002 through December 31, 2002 ("Audit"). The Audit

report showed that the Employer owed monies to the Trust Fund. When the Employer failed to pay the monies found due in the Audit, the Trust Fund referred the matter to final and binding expedited arbitration. The arbitration award found that the Employer owed the Trust Fund $14,892.31 plus interest from November 29, 2005 until paid. Since the issuance of the arbitration award, interest totaling $2,688.30 has accrued.

3. The Trust Fund and the Employer now desire to settle this matter and have agreed upon a basis for the adjustment of the matters alleged in the Petition to Confirm Arbitration Award and the entry of a judgment in this action pursuant to the terms of this Agreement.

4. The Employer agrees to the entry of judgment in the amount of $17,580.61, plus interest at the rate of ten percent (10%) per annum from July 28, 2006 until paid, to be paid as follows:

(a) The Employer shall make eleven (11) payments of One Thousand Five Hundred Forty-Five Dollars ($1,545.00) per month on or before the first day of each month beginning August 1, 2006; and

(b) The Employer shall make one payment of One Thousand Four Hundred Thirteen Dollars and Thirty-Three Cents ($1,413.33) on or before the first day of July 2007.

(c) If all payments are made in a timely fashion, the payments will be applied as follows:

| Date Due | Amount | To Interest | To Principal | Balance |
| --- | --- | --- | --- | --- |
| 8/1/06 | $1,545.00 | $19.27 | $1,525.73 | $16,054.88 |
| 9/1/06 | $1,545.00 | $133.79 | $1,411.21 | $14,643.67 |
| 10/1/06 | $1,545.00 | $122.03 | $1,422.97 | $13,220.70 |
| 11/1/06 | $1,545.00 | $110.17 | $1,434.83 | $11,785.87 |
| 12/1/06 | $1,545.00 | $98.22 | $1,446.78 | $10,339.09 |
| 1/1/07 | $1,545.00 | $86.16 | $1,458.84 | $8,880.24 |
| 2/1/07 | $1,545.00 | $74.00 | $1,471.00 | $7,409.25 |
| 3/1/07 | $1,545.00 | $61.74 | $1,483.26 | $5,925.99 |
| 4/1/07 | $1,545.00 | $49.38 | $1,495.62 | $4,430.37 |
| 5/1/07 | $1,545.00 | $36.92 | $1,508.08 | $2,922.29 |

| | | | | |
|---|---|---|---|---|
| 6/1/07 | $1,545.00 | $24.35 | $1,520.65 | $1,401.65 |
| 7/1/07 | $1,413.33 | $11.68 | $1,401.65 | $0.00 |

(d) All unpaid sums shall accrue interest at the rate of ten percent (10%) per annum from July 28, 2006 until paid. Each payment shall be credited first to interest and then to principal. Interest shall continue to accumulate at the rate of ten percent (10%) per annum on the unpaid balance for any later payments and thus can result in a higher amount due. However, there shall be no prepayment penalty if the Employer chooses to prepay principal, in part or in full, at any time. Prepayment by the Employer shall not result in the acceleration of the due date on any interest.

(e) All of the foregoing payments shall be in the form of certified checks or cashier's checks made payable to "McCarthy, Johnson & Miller Trustee Account," and sent to the following address:

> Diane Sidd-Champion, Esq.
> McCarthy, Johnson & Miller Law Corporation
> 595 Market Street, Suite 2200
> San Francisco, CA  94105

5. The parties request that this action be conditionally dismissed.

6. The Employer agrees to remain current in its future obligations to submit timely fringe benefit contributions to the Trust Fund for the work months from July 2006 through June 2007. If the Employer fails to submit a report form or to pay any monthly fringe benefit contributions to the Trust Fund for the work months from July 2006 through June 2007 by the twentieth (20th) day of the month following the work month, it is agreed that the Employer shall be deemed in default of this Agreement.

7. If the Employer fails to pay any installment due under this Agreement by the due date set forth in this Agreement, it is agreed that the Employer shall be deemed in default of this Agreement.

8. In the event of a default under the terms of Paragraph 6 or Paragraph 7 of this Agreement, it is agreed that the Trust Fund may, without notice, move the Court to revoke the dismissal and enter Judgment in favor of the Trust Fund and against the Employer. The parties agree that if Judgment is entered, Judgment shall be in the amount of Seventeen Thousand Five Hundred Eighty Dollars and Sixty-One Cents ($17,580.61), less the principal credited from any payments

already received; that the Judgment will immediately fall due; and that the Trust Fund will be enabled to execute immediately on the Judgment for said sum. Otherwise, this action shall be dismissed with prejudice upon the completion of all payments due under Paragraph 4 above.

9. Each party is to bear its respective attorneys' fees and costs incurred in this action. However, should the Trust Fund be required to enter or execute on the Judgment pursuant to the terms of this Agreement, the Trust Fund may recover all attorneys' fees and costs incurred by it from May 1, 2006 forward on this action.

10. This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which taken together shall constitute one and the same agreement.

**POWER CLEAN ENTERPRISES, INC.**
Respondent

Dated: July 31, 2006     By:   /s/ David Aria
                                DAVID ARIA
                                President

**GENERAL EMPLOYEES TRUST FUND and BOARD OF TRUSTEES OF GENERAL EMPLOYEES TRUST FUND**
Petitioners

Dated: August 3, 2006    By:   /s/ Charles Gilchrist
                                Chair

                         By:   /s/ George Hernandez
                                Co-Chair

**APPROVED AS TO FORM:**

**REDIGER, McHUGH & HUBBERT, LLP**

Dated: July 31, 2006     By:   /s/ Ealon A. Hubbert, Jr.
                                EALON A. HUBBERT, JR.
                                Attorneys for Respondent

**McCARTHY, JOHNSON & MILLER**
**Law Corporation**

Dated: August 7, 2006    By:   /s/ Diane Sidd-Champion
                                DIANE SIDD-CHAMPION
                                Attorneys for Petitioners

////

---

**IT IS SO ORDERED.**

Dated: __8/23_____, 2006     By: _____*/s/ Wayne D. Brazil*_____
                                        WAYNE D. BRAZIL
                                        UNITED STATES MAGISTRATE JUDGE

| | |
|---|---|
| 1 | DECLARATION OF SERVICE BY MAIL |
| 2 | I am a citizen of the United States and a resident of the State of California. I am over the |
| 3 | age of eighteen years and not a party to the within matter. My business address is 595 Market |
| 4 | Street, Suite 2200, San Francisco, California 94105. |
| 5 | I am familiar with the practice of McCarthy, Johnson & Miller Law Corporation for |
| 6 | collection and processing of correspondence for mailing with the United States Postal Service. It |
| 7 | is the practice that correspondence is deposited with the United States Postal Service the same day |
| 8 | it is submitted for mailing. |
| 9 | I served the following document by placing a true copy of each such document for collection |
| 10 | and mailing, in the course of ordinary business practice, with other correspondence of McCarthy, |
| 11 | Johnson & Miller Law Corporation, located at 595 Market Street, Suite 2200, San Francisco, |
| 12 | California 94105, on August 21, 2006, enclosed in a sealed envelope with postage fully prepaid, |
| 13 | addressed in the manner set forth immediately below this declaration. |
| 14 | Document served: Settlement Agreement and Stipulation for Conditional Dismissal and |
| 15 | Entry of Judgment Upon Default. |
| 16 | I declare under penalty of perjury that the foregoing is true and correct. |
| 17 | Dated at San Francisco, California, on August 21, 2006. |
| 19 | By:    /s/ Anna Lee<br>ANNA LEE |

Power Clean Enterprises, Inc.
7562 Cherry Glen Avenue
Citrus Heights, CA 95610

Ealon A. Hubbert, Jr.
Rediger, McHugh & Hubbert, LLP
555 Capitol Mall, Suite 1540
Sacramento, CA 95814

---

SETTLEMENT AGREEMENT AND STIPULATION FOR CONDITIONAL DISMISSAL
AND ENTRY OF JUDGMENT UPON DEFAULT -- Case No. C 06 3515 WDB     Page 6